IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OJI OMALARA WILLIAMS, | |
| Plaintiff, | |
| v. | Civil Action No.: JKB-23-3017 |
| GAVIN MYERS, C. CARTER, | |
| Defendants. | |

### MEMORANDUM

Pending in this civil rights case is a motion filed by Defendant Warden C. Carter seeking dismissal of the complaint or, alternatively, summary judgment in her favor (ECF No. 13) and a motion by Defendant G. Myers seeking dismissal of the complaint for failure to exhaust administrative remedies and on qualified immunity grounds (ECF No. 32). Myers also filed a motion for extension of time (ECF No. 31), which the Court now grants. Also pending is Plaintiff Oji Omalara Williams' Motion for Leave to File an Amended Complaint (ECF No. 23). No hearing is necessary. *See* L. R. 105.6 (D. Md. 2023).

For the reasons that follow, Defendants' motions, construed as motions to dismiss, will be granted; Williams' motion, to the extent it seeks to add a claim arising under the Federal Tort Claims Act, shall be granted; the United States will be substituted for defendants; and further briefing will be required.

I.   **BACKGROUND**

   A.   **Complaint Allegations**

Williams is a federal inmate who is confined at the Federal Correctional Institution-Loretto

in Cresson, Pennsylvania.[1] He complains that Officer Myers sprayed him with pepper spray unnecessarily, amounting to an excessive use of force. He explains that on July 20, 2022, he was housed in the Special Housing Unit ("SHU") at FCI-Cumberland where Officer Myers delivered a meal tray to him in his cell. (ECF No. 1 at 4.) Williams showed Myers that he had not eaten his meal because it contained tomatoes and he is allergic to tomatoes. (*Id.*)

Williams alleges that Myers became frustrated and began using profanity. (ECF No. 1 at 4.) Williams asked Myers if he could call the kitchen about his dinner tray. (*Id.*) Williams alleges that other officers had called the kitchen on his behalf on prior occasions due to his allergy. (*Id.*) Williams claims that he and Myers "had a couple words after that" and then Myers pepper sprayed Williams through the slot in the cell door. (*Id.*) Williams alleges that he never threatened Myers and never gave him any reason to become angry. (*Id.*) In Williams' view, he posed no physical threat to Myers because Williams was locked behind a cell door. He states that this establishes Myers' malicious intent. (*Id.* at 5.)

After Myers' pepper spray can was emptied, Williams began to have trouble breathing. (ECF No. 1 at 4.) Williams' cell door was opened and twenty minutes later, the nursing staff applied water to his eyes but did not give him any breathing treatments. (*Id.* at 5.) Williams alleges that this incident caused him to develop a problem with his heart for which he was seen by a cardiologist. (*Id.*) After Williams was provided with a heart monitor, it was discovered that he had issues with his heartbeat including ventricular tachycardia and two incidents of five and nine beat runs.[2] (*Id.*) As relief, Williams seeks one hundred million dollars. (*Id.*)

B.  **Warden Carter's Motion**

---

[1] When Williams filed his complaint, he was confined at the Federal Correctional Institution-Cumberland in Cumberland, Maryland.
[2] Williams attaches to his complaint a medical report dated July 11, 2023, documenting the results of the cardiology consultation. (ECF No. 1-1 at 2.)

2

Carter does not dispute Williams' allegations; she maintains that Williams' excessive force claim is not a cognizable claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) after the Supreme Court's decision in *Ziglar v. Abassi*, 582 U.S. 120 (2017). Carter also asserts that Williams has not alleged that she was in any way personally involved in the incident giving rise to this lawsuit. As such, Carter asks that the complaint against her be dismissed. (ECF No. 13.)

### C. Officer Gavin Myers' Motion

Myers seeks dismissal of the complaint for failure to exhaust administrative remedies; because the Eighth Amendment claim alleged is not cognizable under *Bivens*; and because he is entitled to qualified immunity. (ECF No. 32.)

## II. Standard of Review

Warden Carter filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and Officer Myers filed a Motion to Dismiss or, in the Alternative for Summary Judgment under Federal Rule of Civil Procedure 56. (ECF No. 13, ECF No. 32.) Both motions will be analyzed under Rule 12(b)(6). To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Along with the standards under Rule 12(b)(6), because Williams is a prisoner, his complaint is subject to review under 28 U.S.C. §§ 1915, 1915A. Under the provisions of 28 U.S.C.

§ 1915(e)(2), a case shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### III. Analysis

#### A. *Bivens* Claim

As to Warden Carter, Williams' claim against must be dismissed because he has not stated how she was personally involved in an alleged violation of his constitutional rights. *Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017) ("[A] Bivens claim is brought against the individual official for his or her own acts, not the acts of others."). To the extent that he alleges she is somehow liable for allowing her employee to engage in conduct that Williams alleges is unconstitutional, such allegations do not state a claim under *Bivens* because it is too broad and wide sweeping a claim regarding prison policy and practices that have been left to the discretion of the BOP and require this Court's deference. *See id.* (explaining that a *Bivens* claim may not masquerade as a "vehicle for altering an entity's policy."). The constitutional claim against Warden Carter is dismissed.

The Court next turns to the claims against Myers.

As the Fourth Circuit has explained,

> If they are to proceed at all, plaintiffs suing federal-officer defendants must proceed under an implied cause of action first established by the Supreme Court in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*. 403 U.S. 388 (1971). To date, the Supreme Court has recognized a Bivens cause of action in only three circumstances. In Bivens itself, the Supreme Court recognized an implied

4

cause of action against six Federal Bureau of Narcotics agents in their individual capacities. *See generally id.*

*Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 269 (4th Cir. 2024). Further, "the tide has turned against Bivens. The Supreme Court has made clear that expanding the *Bivens* remedy to a new context is an extraordinary act that will be unavailable in most every case." *Id.* (citations, internal quotation marks, and alterations omitted). The Supreme Court has clarified over the years that "a *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Ziglar v. Abbasi*, 582 U.S. 120, 136 (2017) quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980). Nevertheless, the Fourth Circuit recently extended *Bivens* to a new context, allowing a federal prisoner's claims of excessive force in violation of the Eighth Amendment to proceed against individual prison officers. *Fields*, 109 F.4th at 267. Myers did not address the impact of *Fields* on the *Bivens* claim against him.

However, the Court need not resolve this issue, because Williams has not sufficiently alleged an Eighth Amendment excessive force claim. "It is generally recognized that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." *Iko v. Shreve*, 535 F.3d 225, 240 (4th Cir. 2008), quoting *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996). However, the use of pepper spray is not "per se a cruel and unusual punishment." *McCargo v. Mister*, 462 F. Supp. 813, 818 (D. Md. 1978).

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). This Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably

perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury alone does not resolve a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). However, the extent of injury incurred is one factor indicative of whether the force used was necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.* at 38.

The undisputed facts establish that Williams was engaged in a verbal altercation with Myers; Myers deployed some amount of chemical agent through Williams' door; and Williams was removed from the cell where he was exposed to the chemical agent and within 20 minutes of that exposure, he received medical attention. (ECF No. 1 at 4.) Although he claims he sustained a cardiac injury as a result of excessive exposure to the chemical agent, Williams has failed to provide objective evidence to establish that injury. Williams relies on a letter written a year after the incident indicating that he has a history of hypertension, hyperlipidemia, and prediabetes, stating he shows no abnormalities in his EKG or physical exams. (ECF No. 1 at 8.) Nothing in the letter leads the reader to believe that Williams has suffered such injuries because of excessive exposure to chemical agents. The speed with which Williams admits to receiving medical care; the patent lack of effort by Myers to hide his actions as clearly stated in the complaint; and the absence of any injury sustained by Williams, make clear that the use of force in this instance was reasonable and within the bounds of constitutional limits. Myers is entitled to dismissal of the *Bivens* claim against him. Further, the Court will deny Myers' "Motion for Default Judgment" (ECF No. 39) as moot, given that the Court has ruled on the Motion to Dismiss.

B.  **Federal Tort Claims Act**

Although it is not altogether clear from the content of his complaint, Williams asserts that he is also raising a claim under the Federal Tort Claims Act ("FTCA"). (ECF No. 26 at 7.) Under the FTCA, the United States is liable, similar to a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C. § 1346(b) (1994). A claim is actionable under the FTCA if it alleges the six elements of § 1346(b), which are that the claim be: (1) against the United States, (2) for money damages, . . . (3) for injury or loss of property, or personal injury or death, (4) caused by the negligent or wrongful act or omission of any employee of the Government, (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See Brownback v. King*, 592 U.S. 209, 212 (2021). "[A] plaintiff's failure to state a claim under Rule 12(b)(6) does not deprive a federal court of subject-matter jurisdiction . . . . However, a plaintiff must plausibly allege all jurisdictional elements." *Id.* at 217, citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "And in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Brownback*, 592 U.S at 217, citing *FDIC v. Meyer*, 510 U.S. 471, 477 (1994).

As a waiver of sovereign immunity, the FTCA is to be narrowly construed. *See United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992). Immunity is not waived for any claim based on "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(d). Prior to filing suit in this Court, an FTCA

plaintiff must file an administrative claim which is jurisdictional and may not be waived. 28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 112 (1993); *see also Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).

Williams states, without providing any details, that he "filed administrative tort claims with the BOP" and that the "BOP issued a final denial." (ECF No. 26 at 10.) As this administrative claim is jurisdictional, Williams' bald and unsupported statement is not enough to establish that this Court has jurisdiction over this FTCA claim. In his Motion to Amend the Complaint, Williams states that he "has determined that the name of the defendant is the United States of America." (*See* ECF No. 23 at 1.) An FTCA claim is raised against the United States. Thus, the Court presumes that Williams was attempting to add an FTCA claim to this civil action. Neither of the defendants has addressed the complaint as though it were raised under the FTCA.

## IV. Conclusion

Given the procedural posture of the case, the motions to dismiss filed by Carter and Myers shall be granted; the United States will be substituted for the individual defendants; and further briefing from counsel and from Williams regarding the FTCA claim will be required.

Dated this 24 day of March, 2025.

FOR THE COURT:

_____
James K. Bredar
United States District Judge

8