IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OJI OMALARA WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | CIV. NO. JKB-23-3017 |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Pending before the Court are a Motion to Dismiss for Lack of Jurisdiction filed by the United States (ECF No. 43) and a Motion for Extension of Time to respond to the Motion to Dismiss filed by Plaintiff Oji Omalara Williams (ECF No. 46). The Motion to Dismiss was filed in response to this Court's Memorandum Opinion and Order directing counsel for the United States to respond to Williams' Federal Tort Claims Act ("FTCA") claim. (ECF Nos. 40 and 41.)

### I. BACKGROUND

In his Complaint, Williams claimed that on July 20, 2022, while he was housed in the Special Housing Unit ("SHU") at FCI-Cumberland, Officer Gavin Myers delivered a meal tray to his cell. (ECF No. 1 at 4.) When Myers returned to collect the tray, Williams showed Myers that he had not eaten his meal because it contained tomatoes, and he is allergic to tomatoes. (*Id.*) According to Williams, this infuriated Myers who became argumentative when Williams asked if he could call the kitchen and request a different meal that did not contain tomatoes. Myers then deployed pepper spray through the slot in Williams' door. (*Id.*)

Williams claims that Myers emptied the pepper spray can into his cell. (ECF No. 1 at 4.) Nursing staff arrived twenty minutes later and treated Williams for pepper spray exposure. (*Id.* at 5.) As a result of this incident, Williams claimed that he developed a problem with his heart (*id.*) for which he was seen by a physician assistant (ECF No. 1-1 at 2). The physician assistant conducted several tests, which were normal. (*Id.*) However, one test revealed a few small abnormalities, so a cardiology consultation was requested. (*Id.*) It is unclear if Williams ever then saw a cardiologist.

According to the report prepared by prison officials after the incident occurred, Williams was verbally threatening staff during the evening meal in the SHU. (ECF No. 32-2 at 2.) When "staff tried to retrieve the food tray from Inmate Williams, . . . he grabbed the food tray out of staff's hands and attempted to [throw] the tray at the staff member." (*Id.*) At that point, a single two-second burst of OC spray was dispersed through the food slot. (*Id.*) Williams and his cellmate complied with orders to submit to hand restraints and were "decontaminated, medically assessed, photographed and placed back in a cell without further incident." (*Id.*)

Based on this incident, Williams sued. The Court dismissed Williams' *Bivens* claim against Myers, which was predicated on an Eighth Amendment violation. (ECF No. 40 at 5.) In dismissing this claim, the Court concluded that Williams had failed to prove any injury resulting from the pepper spray incident. (*Id.* at 6.) The Court also dismissed claims against the prison warden due to her lack of involvement in the events giving rise to the Complaint. (*Id.* at 4.)

Because Williams intimated that he was also raising an FTCA claim, the Court directed the Clerk to substitute the United States of America as the sole Defendant in this matter and ordered both parties to submit further briefing on the viability of such a claim. (*Id.* at 8.)

## II. STANDARD OF REVIEW

A claim is actionable under the FTCA if it alleges the six elements of 28 U.S.C. § 1346(b), which are that the claim be: (1) against the United States, (2) for money damages, (3) for injury or loss of property, or *personal injury* or death, (4) *caused by* the negligent or wrongful act or omission of any employee of the Government, (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See Brownback v. King*, 592 U.S. 209, 212 (2021) (emphasis added). "Accordingly, a plaintiff may generally prevail in an FTCA suit by demonstrating that 'the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward.'" *Martin v. United States*, 605 U.S. __, 145 S. Ct. 1689, 1700 (2025) (quoting *Carlson v. Green*, 446 U.S. 14, 23 (1980)).

Further, "[t]he objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Thus, if this Court determines that subject matter jurisdiction does not exist for purposes of adjudicating Williams' FTCA claim, the Complaint must be dismissed.

## III. ANALYSIS

Williams' claim must be dismissed because he has not sufficiently alleged an injury caused by Myers' actions.[1] In its prior Memorandum dismissing Williams' *Bivens* claim, the Court noted

---

[1] For the purposes of this Memorandum, the Court assumes without deciding that Myers was acting within the scope of his employment. *See, e.g., Carter v. Wetzel*, No. 22-1643, 2025 WL 985389, at *6 (3d Cir. Apr. 2, 2025) (finding

3

that Williams did not sufficiently allege that Myers caused him to suffer any injury at all. (ECF No. 40 at 6.) The only evidence that Williams produced was a letter attached to his Complaint which stated that he had a "history of hypertension, hyperlipidemia, and prediabetes." (ECF No. 1-1 at 2.) The letter also noted that several tests measuring the health of Williams' heart were normal while one test revealed "non-sustained instances of Ventricular Tachycardia." (*Id.*) Williams was referred to a cardiologist because of this last test (*id.*), but Williams has not informed the Court of the cardiologist's assessment.

This letter is insufficient to tie Williams' maladies to a single incidence of pepper spray exposure. As the Court has previously noted, "[n]othing in the letter leads the reader to believe that Williams has suffered such injuries because of excessive exposure to chemical agents." (ECF No. 40 at 6.) Williams' subsequent filings have not provided the Court with reason to alter this conclusion. For instance, in a letter dated April 22, 2025, Williams stated that he did not discover he had an injury until he was released from the SHU several months after the incident, tried to participate in a fitness class, and felt burning pain in his chest. (ECF No. 45 at 1.) This was when a heart monitor was ordered for Williams, generating the letter he attached to his Complaint. He states that the heart monitor "showed something that was not there, for example during intake at Cumberland FCI when I arrived in June 2022 nor previously at any other institution beforehand." (*Id.*) However, he still does not provide evidence explaining how the chest pain he felt during his fitness class could be the result of being pepper sprayed months earlier. He also provides no medical evidence indicating that being pepper sprayed can cause tachycardia or exacerbate hypertension, hyperlipidemia, or prediabetes. Therefore, Williams has not established the requisite

---

that prison guard's use of pepper spray was within scope of employment under Pennsylvania law, which is similar to Maryland law on the issue); *Northcraft v. W. Virginia Div. of Corr. & Rehab.*, No. 20-CV-00100, 2021 WL 2366936, at *6 (S.D.W. Va. June 9, 2021) (same, but under West Virginia law).

causation or personal injury required by 28 U.S.C. § 1346(b). Absent such allegations, the Complaint fails to establish a basis for jurisdiction over an FTCA claim and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be granted and Plaintiff's Motion for Extension of Time will be denied as moot. A separate Order follows.

Dated this 21 day of October, 2025.

FOR THE COURT:

James K. Bredar
United States District Judge